ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

THOMAS R. GREEN (CABN 203480)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3695
   Fax: (510) 637-3724
   E-Mail: Thomas.Green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>NISAIAH JOVAN PERRY.<br><br>   Defendant. | NO. CR 21-0485 HSG<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Sentencing Date:  May 1, 2024<br>Time:  2:00 p..m.<br>Judge:  Hon. Haywood S. Gilliam |

## I. INTRODUCTION

The defendant, Nisaiah Jovan Perry (defendant or Perry), stands before the Court to be sentenced following pleading guilty to the single count Indictment, charging him with felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1).[1]  The charge in this case emanates from

---

[1] Undersigned counsel for the government mis-calendared the due date for this sentencing memorandum, acknowledges that it has not been filed on a timely basis and apologizes to the Court for any inconvenience this tardy filing may cause the Court and its staff.  Counsel for both parties have discussed a continuance of the sentencing hearing and are willing to stipulate to such a continuance if that is the Court's preference but are not requesting a continuance at this time because the present sentencing date is a good date for defendant's family.

defendant being in possession of a multiple firearms, including one with a loaded high-capacity drum magazine at the time he was arrested following defendant crashing his car into an occupied Oakland Police vehicle.  For the reasons described in this memorandum, the United States recommends that the Court sentence defendant to a 40-month sentence and a three-year term of supervised release to follow incarceration.  The recommended sentence is three months above the low-end of the Guidelines range the parties agree is applicable in this case, a range of 37 to 46 months.  The Court should also order forfeiture of the firearms and ammunition involved in the offense, and a mandatory special assessment of $100.

## II.	FACTUAL AND PROCEDURAL BACKGROUND (PSR ¶¶1-9 and 31)

The United States agrees with the factual and procedural background set forth in the Presentence Investigation Report ("PSR") and this brief need not detail the undisputed description of the defendant's offense conduct described in the PSR.

In short, on December 1, 2021, defendant possessed two firearms that were involved in a shooting that shortly preceded defendant's arrest.  Oakland police officers responded to the shooting in east Oakland, and in the moments after their arrival, defendant rammed the Dodge Durango he was driving into a clearly marked Oakland police vehicle, crashing into the driver's side of the police vehicle with a police officer sitting in the driver's seat.  This photograph depicts the two trucks post-collision.



Fortunately, the police officer in the vehicle only suffered minor injuries.

Oakland Police officers arrested defendant after he attempted to flee the scene on foot. They then located two firearms in the Durango defendant crashed into the police vehicle. Defendant was the sole occupant of the vehicle before fleeing on foot, and both firearms would have been accessible to defendant from his driver seat location. These two photographs depict the location of the two charged firearms found in the Durango: (1) a Sig Sauer handgun in the center console, which did not contain any ammunition in the chamber or magazine; and (2) a Century Arms C39 7.62 x 39mm caliber pistol loaded with 64 rounds of ammunition in a drum magazine, that was located on the passenger floorboard.





Multiple casings recovered from the shooting were forensically linked to each of the firearms.

At least two victims suffered gunshot wounds from the shooting, both describing the shooting as occurring after an argument they heard. No witness provided sufficient evidence to prove defendant shot either firearm. Nor is there sufficient evidence to indicate whether the firearms in defendant's possession were discharged before or after defendant and/or his vehicle had been shot at by unidentified participants in the shooting. Police officers observed strike marks on the Durango consistent with the truck receiving gunfire.

Defendant has been in custody since his arrest following the shooting. Defendant came into

federal custody in October 2023 on the federal firearm charge after completing his three year prison sentence for the state conviction resulting from defendant crashing his car into the occupied police vehicle. In this case, defendant was detained and plead guilty pursuant to the plea agreement entered by the Court on February 7, 2024.

### III. DEFENDANT'S CRIMINAL HISTORY (PSR ¶¶25-35)

Defendant's criminal history is also not disputed.

Defendant has spent the substantial majority of his adult life in prison, having committed three felony offenses in a short period at the age of 22, including robbery and voluntary manslaughter convictions that resulted in defendant's extended incarceration. Defendant also was convicted of possession of a controlled substance while serving those sentences, which extended his total time in state prison until October 2019, approximately two years prior to the crime charged in this case.

Though defendant has five prior felony convictions, only two of the convictions garner criminal history points. Because defendant was convicted and sentenced for the first three felony crimes on the same date without an intervening arrest, only one of the crimes he committed in 2001 accrue criminal history points. His most recent Penal Code section 69 conviction also does not count towards his criminal history because it is intertwined with the instant offense.

### IV. SENTENCING GUIDELINES CALCULATIONS

The parties and the USPO agree that the following guidelines calculations apply:

a. <u>Base Offense Level</u>                                                                                          22
U.S.S.G. § 2K2.1(a)(3)
(possessing a firearm with a high capacity magazine subsequent
to sustaining one felony conviction for a crime of violence)

b. <u>Acceptance of Responsibility</u>                                                                          <u>-3</u>
U.S.S.G. § 3E1.1

c. <u>Adjusted Offense Level:</u>                                                                                   19

(PSR ¶¶ 14-24).

The parties and probation officer agree that defendant has six (6) criminal history points, is Criminal History Category III, and that a final adjusted offense level of 19 and Criminal History Category III results in a Guidelines sentencing range of 37 to 46 months.

## V. STATUTORY SENTENCING FACTORS

### A. Nature and Circumstances of the Offense

The nature and circumstances of defendant's offense are incredibly serious and should be considered a primary factor in determining the appropriate sentence in this case. The government recommends a sentence a modest amount above the low-end of the Guidelines range to account for the seriousness of defendant being involved in a shooting, where defendant possessed multiple firearms, including a firearm equipped with a drum magazine that appears more appropriate for a warzone than a residential neighborhood in Oakland. Though insufficient evidence exists to prove whether defendant himself was a shooter that inflicted gunshot wounds on anyone, at least two persons did suffer gunshot wounds from the shooting preceding his arrest, and the firearms in defendant's possession were involved in that shooting. A sentence of less than 40 months is insufficient to address the nature and circumstances of the offense, even taking into account that defendant also suffered a three year conviction for other conduct involved in the offense, and defendant's troubling upbringing.

### B. History and Characteristics of the Defendant

As is too often the case, there are at least two sides to considering defendant's history and characteristics, some of which if considered in a vacuum warrant a longer sentence, and some of which warrant a shorter sentence. In terms of aggravating circumstances, the Court should consider that defendant has now suffered five felony convictions. Though three of those convictions concern crimes committed over two decades ago, those crimes included a homicide.

But the government also must acknowledge defendant's traumatic upbringing, for all of the reasons detailed in the PSR, including an apparent lack of parental guidance or a safe home environment during his formative years. Though the government does not joint the Probation Office in recommending a low-end sentence, the government recommends a sentence that is near the low-end of the Guidelines range to attempt to account for the substantial challenges of defendant's youth and the seemingly still unaddressed trauma he has experienced.

//

//

**C.     Need to Reflect the Seriousness of the Offense and Deterrence of Criminal Conduct.**

A sentence of 40 months that is above the low-end of the Guidelines is also designed to reflect the seriousness of the offense and provide an ample measure of deterrence. The community needs to be safe from the sort of gun crimes involved in this case, a case that involved real victims even if their gunshot wounds were not the direct result of defendant discharging any weapon. Defendant will be approximately 48 years old at the time of his release and the government hopes that defendant may by that time have the proper wisdom and motivation to live a gun-free, crime-free life, for his family, and himself. A three year term of supervision will help provide resources to give defendant some of the counseling and other tools he may need to live a more fulfilling life upon his release.

**D.     Need to Protect the Public and Avoid Unwarranted Sentencing Disparities.**

The need to protect the public is paramount in the government's recommendation. The government cannot overlook the threat defendant has posed the community, and ultimately himself, with his aggressive nature and possession of firearms. A sentence above the low-end of the Guidelines range also avoids the prospect of unwarranted sentencing disparities with like-situated defendants.

**VI.     <u>CONCLUSION AND SENTENCING RECOMMENDATION</u>**

For the foregoing reasons, the government respectfully requests that the Court sentence defendant to a 40-month term of imprisonment, a three-year term of supervised release, no fine, forfeiture of the firearms, extended magazine and ammunition, and a $100 special assessment.

In light of the defendant's criminal history and the nature of his offense, the government also recommends that the Court impose the following expanded search condition, which defendant agreed to accept in his plea agreement:

> The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

Defendant's repeated history of offenses and crimes including his effort to place law enforcement officers at risk and evade law enforcement indicate that the joint requested condition is necessary to protect the public and serve the interests of deterrence and rehabilitation.

DATED: April 30, 2024

ISMAIL J. RAMSEY
United States Attorney

*/s/ Thomas R. Green*
THOMAS R. GREEN
Assistant United States Attorney

U.S. SENTENCING MEMORANDUM
CR 21-0485 HSG

8